**IN THE UNITED STATED DISTRICT COURT**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

YOUR SUV CLUB LLC a/k/a YSC LLC,
9711 Washington Blvd., #550
Gaithersburg, MD 20878

        Plaintiff,

        vs.

REPUBLIC OF THE IVORY COAST and
EMBASSY OF THE IVORY COAST,
each defendant having an address at
2414-2424 Massachusetts Ave., NW
Washington, DC 20008

        Defendants.

CIVIL ACTION NO.:

---

## COMPLAINT

    Plaintiff Your Suv Club LLC a/k/a YSC LLC ("YSC") by and through its undersigned counsel, Duane Morris LLP, as and for its complaint against defendants, Republic of the Ivory Coast and Embassy of the Ivory Coast in Washington (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

    1.    This is a civil suit brought by YSC against (i) Republic of the Ivory Coast, a foreign state and (ii) Embassy of the Ivory Coast in Washington, an agency or instrumentality of the Republic of the Ivory Coast, each of which is not immune from this suit under the Foreign Sovereign Immunities Act, 28 U.S.C §§ 1602 *et seq*. ("FSIA"). The gravamen of this action is a claim by YSC to recover damages arising from Defendants' breach of a security systems

maintenance service agreement. Defendants defaulted on their payment obligation to compensate YSC.  YSC seeks this Court's intervention and relief to fully compensate it for the losses and damages it has sustained.

## THE PARTIES

2.      Plaintiff YSC is a limited liability company that has been at all times pertinent hereto organized and existing under the laws of the State of Maryland and authorized to do business in the District of Columbia, with its principal place of business at 9711 Washingtonian Blvd. #550, Gaithersburg, Maryland, 20878.

3.       Defendant Republic of the Ivory Coast ("Ivory Coast") is a "foreign state" within the meaning of 28 U.S.C. §1603(a).

4.       Upon information and belief, defendant Embassy of the Ivory Coast in Washington ("Embassy") is an "agency or instrumentality" of the Ivory Coast pursuant to 28 U.S.C. § 1603(b) because it is: (1) a separate legal person, (2) an organ or political subdivision of the foreign state, and (3) not a citizen of any state of the United States as set forth under 28 U.S.C. § 1332(c). Accordingly, Embassy is a "foreign state" pursuant to 28 U.S.C. § 1603(a), which, by definition, includes an "agency or instrumentality of a foreign state" as defined under 28 U.S.C. § 1603(b). Accordingly, Embassy is a "foreign state" pursuant to 28 U.S.C. § 1603(a), which, by definition, includes an "agency or instrumentality of a foreign state" as defined under 28 U.S.C. § 1603(b).

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1330(a), which provides that "[t]he district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state" within the meaning of 28 U.S.C. § 1603(a).

2

DUANE MORRIS LLP

6.     Accordingly, this Court has jurisdiction over Ivory Coast pursuant to 28 U.S.C. §1330(a) and 28 U.S.C. § 1603(a).

7.     This Court has jurisdiction over Embassy pursuant to 28 U.S.C. § 1330(a) and 28 U.S.C. § 1605(a)(2).

8.     Defendants are not immune from the jurisdiction of this Court in this case under 28 U.S.C. § 1604 because they were obligated to perform an act in this district (District of Columbia) pursuant to a commercial activity between Defendants and YSC (payment for the labor, services, materials and equipment furnished by YSC). The labor, services, materials and equipment furnished by YSC to Defendants support the commercial activities of the Defendants for the use, comfort and maintenance of property owned in the District of Columbia by Defendants.

9.     Specifically, Defendants agreed and were obligated to make payments to YSC in the U.S. and expressly agreed that the agreement between the parties would be governed by the laws of the District of Columbia. The agreement entered into between Defendants and YSC is binding and governs the labor, services, materials and equipment provided by YSC.

10.     Defendants are not immune from the jurisdiction of this Court because they undertook acts that caused a direct effect in the United States, specifically as follows:

      a.     Defendants agreed and were obligated to make payments to compensate YSC for its contractually provided labor, services, materials and equipment, and said payments would have a direct and material effect on YSC in the United States; and

      b.     Defendants failed to make payments and failed to compensate YSC for its contractually provided labor, services, materials and equipment, and said failures had a direct and material effect on YSC in the United States.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(f), in that a substantial and material part of performance of the agreement in the District of Columbia.

12.     Defendants are subject to service of process pursuant to 28 U.S.C. § 1608.

13.     YSC has suffered damages as a direct result of the acts and omissions by Defendants asserted in this Complaint.

## FACTUAL BACKGROUND

14.     The Ivory Coast, acting by and through its Embassy as Recipient, and YSC, as Contractor, entered into a written agreement effective as of July 1, 2020, wherein and whereby for valuable consideration YSC agreed to furnish certain labor, services, materials and equipment necessary to service and maintain Defendants' security systems at Embassy of the Ivory Coast in Washington, D.C., located at 2414 and 2424 Massachusetts Ave. NW, Washington, D.C. 20008 (the "Agreement").

15.     Pursuant to the Agreement, Defendants agreed to pay compensation to YSC for the maintenance and servicing of Defendants' security systems the sum of $2,499.96 per month in quarterly installments of $7,499.88. A yearly base cost of $29,999.52, with an incremental increase of 3% each new year, as follows:

> Year 1 = $14,499.76 (pro-rated)
>
> Year 2 = $30,899.51
>
> Year 3 = $31,826.49
>
> Year 4 = $32,781.29
>
> Year 5 = $33,764.72

16.     YSC maintained and serviced Defendants' security systems as provided in the Agreement.

4

17.     YSC at the special instance and request of Defendants also performed certain additional and/or extra work pursuant to the Agreement ("Extra Work"), including providing telecommunication systems maintenance.

18.     The agreed upon price and fair and reasonable value for said Extra Work is equal to the sum of $91,340.48.

19.     The work, services, labor, materials and equipment furnished, rendered and performed by YSC were actually rendered, performed and furnished in and upon and for the maintenance, repair, service and improvement of Defendants' security and telecommunications systems  pursuant to the Agreement.

20.     The total value of the said materials, equipment, work, labor and services furnished, rendered and performed by YSC is the sum of $151,239.52.

21.     YSC invoiced Defendants for the said work and services, labor, materials and equipment a total of $151,239.52.

22.     As a result of the foregoing, there became due and owing to YSC from Defendants the sum of $151,239.52.

23.     No part of said sum of $151,239.52 has been paid, except the sum of $113,669.28, leaving a balance of $37,570.24, no part of which has been paid, although duly demanded.

24.     As a result of Defendants' failure to pay YSC, YSC has suffered damages.

25.     All conditions precedent to the maintenance of this civil action, if any, have occurred, been performed, or have been waived.


## COUNT I –BREACH OF AGREEMENT

26.     YSC incorporates and realleges paragraphs 1 - 26 as if fully set forth herein.

5

27.    The Agreement constitutes a valid and enforceable contract.

28.    YSC performed all the work and services to be performed by it and furnished all the materials, labor and equipment to be furnished by it pursuant to the Agreement and has satisfied all the terms, covenants and conditions of the Agreement to be performed by it, except as excused by the breaches thereof by Defendants.

29.    Said materials, equipment, work, labor and services furnished, rendered and performed by YSC were actually rendered, performed and furnished in and upon and for the maintenance, service and improvement of Defendants' security and telecommunications systems pursuant to the Agreement.

30.    Defendants materially breached the Agreement by failing make payment for materials, equipment, work, labor and services furnished by YSC.

31.    Defendants have not made any payments to YSC since on or about June 3, 2022, in violation of its obligations under the Agreement.

32.    Defendants materially breached the agreement by, among other things, failing to pay YSC.

33.    Had Defendants not breached the Agreement, YSC would have been paid an amount not less than $144,271.77 for the monthly maintenance of Defendants security systems during the lifespan of the Agreement and the sum of $91,340.48 for the Extra Work performed for a total of $235,612.25.

34.    No part of said sum of $235,612.25 has been paid, except the sum of $113,669.28, leaving a balance of $121,942.97.

DUANE MORRIS LLP

**WHEREFORE**, Plaintiff, YSC, demands judgment against Defendants in an amount to be determined at trial, but not less than $121,942.97, plus prejudgment interest, attorney's fees, costs, and all such other relief this Court deems just, fair, and equitable.

## COUNT II – ACCOUNT STATED

35.     YSC incorporates and realleges paragraphs 1 - 26 as if fully set forth herein.

36.     Prior to the institution of this action, YSC and Defendants entered into the Agreement, pursuant to which each party agreed on the reasonable amount to be paid for the labor, services, materials and equipment to be furnished by YSC to maintain and service Defendants' security and telecommunications systems.

37.     Pursuant to the Agreement, YSC promptly rendered invoices for the maintenance and service of Defendants' security systems and the labor, services, materials and equipment furnished.

38.     Defendants received each of the invoices sent by YSC and retained the same without objection.

39.     Plaintiff made partial payment to YSC.

40.     By virtue of the foregoing, an account stated has been created on behalf of YSC.

41.     Defendants both benefited from the services furnished by YSC and, accordingly, owe YSC the total amount of $37,570.24, as set forth in the invoices, which is past due, plus interest.

**WHEREFORE**, Plaintiff YSC  demands judgment against Defendants in an amount to be determined at trial, but not less than $37,570.24, plus prejudgment interest, attorney's fees, costs, and all such other relief this Court deems just, fair, and equitable.

**DUANE MORRIS LLP**

## COUNT III – UNJUST ENRICHMENT
### (Pleaded in the Alternative)

42.     YSC incorporates and realleges paragraphs 1 - 26 as if fully set forth herein.

43.     YSC furnished labor, services, materials and equipment to maintain, service and improve Defendants' security and telecommunications systems.

44.     Defendants knew of, accepted and retained the benefit of the labor, services, materials and equipment furnished by YSC without providing compensation therefor.

45.     Defendants benefited from the labor, services, materials and equipment furnished by YSC because Defendants' security and telecommunications systems cannot operate efficiently, or at all, without the maintenance, services and improvements provided by YSC.

46.     Defendants have failed and refused to pay YSC for the labor, services, materials and equipment furnished, despite repeated demands.

47.     Defendants wrongfully received the value of services provided to maintain Defendants' security and telecommunications systems without providing compensation to YSC for said services. Defendants would be unjustly enriched should they be allowed to withhold payment to YSC.

48.     It would be inequitable for Defendants to retain the benefit conferred without paying the value thereof.

49.     As a result of the foregoing, YSC has suffered damages.

50.     If it is determined that for any reason the Agreement does not govern, YSC as entitled in the alternative to be compensated in unjust enrichment.

**WHEREFORE**, Plaintiff YSC  demands judgment against Defendants in an amount to be determined at trial, plus prejudgment interest, attorney's fees, costs, and all such other relief this Court deems just, fair, and equitable.

**DUANE MORRIS LLP**

## COUNT IV – QUANTUM MERUIT
### (Pleaded in the Alternative)

51.     YSC incorporates and realleges paragraphs 1 - 26 as if fully set forth herein.

52.     YSC conferred benefits upon Defendants by maintaining, servicing and improving security and telecommunications systems owned by Defendants.

53.     Defendants had knowledge of these benefits and accepted them.

54.     Defendants have failed and/or refused to pay YSC for the labor, services, materials and equipment furnished despite repeated demands.

55.     The reasonable value of the labor, services, materials and equipment furnished, for which YSC has not been paid is $37,570.24.

56.      As a direct and proximate result of Defendants' failure to pay for the labor, services, materials and equipment furnished, YSC has suffered damages.

57.     If it is determined that for any reason the Agreement does not govern, YSC as entitled in the alternative to be compensated in quantum merit.

**WHEREFORE**, Plaintiff YSC  demands judgment against Defendants in an amount to be determined at trial, but not less than $37,570.24, plus prejudgment interest, attorney's fees, costs, and all such other relief this Court deems just, fair, and equitable.

DUANE MORRIS LLP

Dated: July 17, 2023

Respectfully submitted,

**DUANE MORRIS LLP**
*Attorneys for Plaintiff*
*YOUR SUV CLUB LLC a/k/a YSC LLC*

*/s/ Brian H. Pandya*
Brian H. Pandya (DC Bar #501661)
Drew T. Dorner (DC Bar #1035125)
901 New York Avenue, NW, Suite 700 East
Washington, DC 20001
Telephone: 202-776-7800
Facsimile: 202-478-2811
bhpandya@duanemorris.com
dtdorner@duanemorris.com

Jose A. Aquino (admission forthcoming)
1540 Broadway
New York, NY 10036-4086
Telephone: 212-692-1000
Facsimile: 212-401-4755
jaaquino@duanemorris.com